IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JEFFREY L. MILLER,
    Petitioner

v.

R. SHANNON, et al.,
    Respondents

: CIVIL NO. 3:09-cv-584
:
: (JUDGE NEALON)

FILED
SCRANTON
JAN 2 2 2010
PER ___ DEPUTY CLERK

## MEMORANDUM and ORDER

Petitioner, Jeffrey L. Miller, an inmate confined at the Pennsylvania State Correctional Institute at Frackville, ("SCI-Frackville"), filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on March 31, 2009. (Doc. 1). He challenged his conviction in the Lycoming County Court of Common Pleas. (Doc. 1). By Order dated November 30, 2009, the habeas petition was dismissed as untimely. (Doc. 27). On December 14, 2009, Petitioner filed a "motion to rescind and correct." (Doc. 28). Petitioner did not file a brief in support of his motion, as required by Local Rule 7.10.[1]

---

[1] Local Rule 7.10 provides that, "Any motion for reconsideration or reargument must be accompanied by a supporting brief and filed within fourteen (14) days after the entry of the order concerned." L.R. 7.10.

1

However, given Petitioner's *pro se* status, the court will construe his motion as a supporting brief as well. See e.g., Haines v. Kerner, 404 U.S. 514, 520, 92 S. Ct. 594, 30 L.Ed. 2d 653 (1972) (allegations of *pro se* complaint were held to "less stringent standards than formal pleadings drafted by lawyers").

## Discussion

A motion for reconsideration under Rule 60 of the Federal Rules of Civil Procedure is a device of limited utility. Walker v. Williamson, 2007 WL 776871, *2 (M.D. Pa. 2007) (McClure, J.). It may be used only to correct manifest errors of law or fact or to present newly discovered precedent or evidence. Harasco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986); Sibio v. Borough of Dunmore, 2007 U.S. Dist. LEXIS 35380, *4 (M.D. Pa. 2007) (Caputo, J.). The Court has cautioned litigants that a mere disagreement with the court does not translate into a clear error of law. Dodge v. Susquehanna Univ., 796 F. Supp. 829, 830 (M.D. Pa. 1992). Federal district courts should grant reconsideration motions sparingly because of their strong interest in finality of judgment. Bartelli v. Fedak, 2006 WL 1274988, *1 (M.D. Pa. 2006)

(Kosik, J.), citing Continental Casualty Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

The instant reconsideration motion alleges that the challenged Order addressed irrelevant issues and that Petitioner's habeas petition complained of events that occurred at trial. (Doc. 28, pg. 1). However, because the November 30, 2009 Order dismissed the habeas petition as untimely, the merits of the petition were not addressed. The only reason the Court addressed the PCRA trial in its November 30, 2009 Order was to calculate the time period Petitioner was permitted to file his habeas petition. Upon calculation, it was determined that Petitioner's habeas petition was untimely filed. The motion for reconsideration does not challenge any of the Court's reasoning in its Order dismissing the habeas petition. Accordingly, this allegation of error will be rejected.

The reconsideration motion also alleges that respondents' brief in response to the habeas petition, (Doc. 18), did not address the pertinent issues. (Doc. 28, pg. 1). However, the respondents' brief is not properly challenged in a motion for reconsideration; rather, the document to be reconsidered is the November 30, 2009 Order, (Doc. 26). Accordingly, this

challenge will be rejected.

To the extent that Petitioner argues that he is actually innocent of the crimes for which he was convicted and that this should excuse his late filing, the Circuit Courts are divided on this issue. Ragan v. Horn, 598 F. Supp. 2d 677, 685 (E.D. Pa. 2009). The Third Circuit Court has deferred ruling on this issue until presented with "a viable claim of actual innocence." Ragan, 598 F. Supp. 2d at 685. A valid claim of actual innocence requires the Petitioner to present "new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial." Id. (quoting Schlup v. Delo, 513 U.S. 298, 324, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995)). Additionally, Petitioner is required to show that, considering the new evidence, no juror would have found him guilty beyond a reasonable doubt. Ragan, 598 F. Supp. 2d at 686; Schlup, 513 U.S. at 329. The United States Supreme Court stated, "habeas corpus petitions that advance a substantial claim of actual innocence are extremely rare." Schlup, 513 U.S. at 321. In the present matter, Petitioner failed to meet this standard and his claim of actual innocence does not excuse him from complying with the applicable statute of limitations.

## Conclusion

For the reasons set forth above, Petitioner's motion for reconsideration will be denied.

Date: January 21, 2010

United States District Judge

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JEFFREY L. MILLER,
    Petitioner

v.

R. SHANNON, et al.,
    Respondents

: CIVIL NO. 3:09-cv-584
:
: (JUDGE NEALON)

## ORDER

AND NOW, THIS 21st DAY OF JANUARY, 2010, for the reasons set forth in the foregoing Memorandum, **IT IS HEREBY ORDERED THAT:**

1. The Motion for Reconsideration (Doc. 28) is **DENIED**.

2. The Clerk of Court shall **CLOSE** this case.

United States District Judge