IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON
SEP 1 2 2012
PER _____
DEPUTY CLERK

JEFFREY L. MILLER,
    Petitioner

v.

R. SHANNON, et al.,
    Respondents

:
:
:  CIVIL NO. 3:09-cv-584
:
:  (JUDGE NEALON)
:
:
:

## MEMORANDUM

Petitioner, Jeffrey L. Miller, an inmate confined at the Pennsylvania State Correctional Institute at Frackville, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on March 31, 2009. (Doc. 1). He challenged his conviction in the Lycoming County Court of Common Pleas. (Doc. 1). By Order dated November 30, 2009, the habeas petition was dismissed as untimely. (Doc. 27). On December 14, 2009, Petitioner filed a "motion to rescind and correct." (Doc. 28). That motion for reconsideration was denied on January 21, 2010. (Doc. 29). Petitioner appealed that denial on February 7, 2010 to the United States Court of Appeals for the Third Circuit, which denied Petitioner's request for a certificate of appealability on June 9, 2010. (Docs. 31 & 38). Petitioner requested a rehearing en banc from the United States Third Circuit Court of Appeals on June 22, 2010 and that petition was denied on July 19, 2010. (Doc. 38). On January 11, 2011, Petitioner filed a petition for writ of certiorari which was denied by the United States Supreme Court on the same day. (Doc. 38).

On May 23, 2012, Petitioner filed with this Court another motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(6). (Doc. 36). For the reasons that follow, the motion will be denied.

A motion for reconsideration under Rule 60 of the Federal Rules of Civil Procedure is a device of limited utility. Walker v. Williamson, 2007 WL 776871, *2 (M.D. Pa. 2007)

(McClure, J.). It may be used only to correct manifest errors of law or fact or to present newly discovered precedent or evidence. Harasco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986); Sibio v. Borough of Dunmore, 2007 U.S. Dist. LEXIS 35380, *4 (M.D. Pa. 2007) (Caputo, J.). The Court has cautioned litigants that a mere disagreement with the court does not translate into a clear error of law. Dodge v. Susquehanna Univ., 796 F. Supp. 829, 830 (M.D. Pa. 1992). Federal district courts should grant reconsideration motions sparingly because of their strong interest in finality of judgment. Bartelli v. Fedak, 2006 WL 1274988, *1 (M.D. Pa. 2006) (Kosik, J.), citing Continental Casualty Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

The Order of which Petitioner is requesting review is this Court's Order of November 30, 2009, which denied his habeas petition as untimely because the petition was filed four (4) years after the one-year statute of limitations had run and because Petitioner had not demonstrated extraordinary circumstances that require tolling the statute. In the instant reconsideration motion, Petitioner states the long procedural history of this matter. (Doc. 36, p. 1). Petitioner then alleges that this Court lacked integrity and is "corrupt." (Doc. 36, pp. 2-4). Petitioner also presents a rehashing of the arguments and "evidence" set forth in his original petition as to why the trial court erred and his prosecutors violated the law. (Doc. 36, pp. 4-5). However, nowhere does Petitioner present new evidence, new law, or set forth any arguments to justify the untimeliness of his habeas petition. (Doc. 36). Accordingly, the instant motion for reconsideration will be denied and this matter will be closed.

Date: September 12, 2012     *[signature]*
**United States District Judge**